IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

**07-61008CIV-COOKE**

MAGISTRATE JUDGE
BROWN

RED BULL NORTH AMERICA, INC. and
RED BULL GMBH LIMITED LIABILITY
COMPANY,

      Plaintiffs,

vs.

DICEY'S 2ND STREET, INC., D/B/A DICEY
RILEY'S, MICHAEL BRENNAN and AILEEN
COMER,

      Defendants.

Civil Action No.

**COMPLAINT AND JURY
DEMAND**

## COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF

Plaintiffs Red Bull North America, Inc. ("RBNA") and Red Bull GmbH Limited

Liability Company ("Red Bull GmbH") (collectively, "Plaintiffs") sue defendants

Dicey's 2nd Street, Inc., Michael Brennan and Aileen Comer (collectively, "Defendants")

and allege as follows:

### INTRODUCTION

This is a civil action for unfair competition, trademark infringement, and unjust

enrichment arising under the Lanham Act, 15 U.S.C. §§ 1114, 1116, 1125(a), and Florida

statutory and common law, seeking preliminary and permanent injunctive relief,

monetary damages and related remedies.

### JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction over this action pursuant to 28

U.S.C. §§ 1331, 1332, 1338 and 1367 and 15 U.S.C. § 1121.

-1-

Dockets.Justia.com

2.       Personal jurisdiction and venue are proper in this federal judicial district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants are doing business within this judicial district and the events giving rise to the claims alleged herein occurred, and upon information and belief, continue to occur within this judicial district.

## **PARTIES**

3.       Plaintiff Red Bull GmbH is a limited liability company duly organized under the laws of Austria with its principal place of business at Am Brunnen 1, Fuschl am See, 5330 Austria.

4.       Plaintiff RBNA is a corporation duly organized and existing under the laws of the State of California with its principal place of business in Santa Monica, California and is a citizen of the state of California. RBNA is a wholly owned subsidiary of Red Bull GmbH. RBNA and Red Bull GmbH are collectively referred to as "Red Bull."

5.       Upon information and belief, defendant Dicey's 2nd Street, Inc. is a corporation organized and existing under the laws of the State of Florida with its principal place of business in the State of Florida. Upon information and belief, defendants Michael Brennan and Aileen Comer, who also is known as Aileen Brennan, are, and, at all relevant times, were citizens of Florida.

6.       Upon information and belief, Dicey's 2nd Street, Inc., Michael Brennan and Aileen Comer, who also is known as Aileen Brennan, (collectively, "Defendants") own, manage and operate Dicey Riley's Bar and Restaurant, located at 217 Southwest Second Street in Fort Lauderdale, Florida ("Dicey Riley's"). Upon information and belief, Defendants directed and permitted others to engage in the unlawful activities described below as their agents.

-2-

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

7.    Red Bull GmbH is a worldwide manufacturer and distributor of non-alcoholic beverages sold under the trademarked brand name RED BULL® (hereafter "RED BULL®" or "RED BULL® energy drink").  RED BULL® is a non-alcoholic, yellowish in color beverage that contains the amino acid taurine, glucuronolactone, B-complex vitamins, caffeine and carbohydrates.  RED BULL® is marketed and sold primarily as an energy drink.  RED BULL® is commonly found in restaurants and bars. Patrons of these establishments generally purchase, order and consume RED BULL® alone or together with alcoholic beverages.

8.    Until October 2006, RED BULL® was distributed solely in 8.3 ounce aluminum cans.  Since October 2006, RED BULL® has been distributed solely in 8.3 ounce aluminum cans and 12 ounce slimline aluminum cans.  RED BULL® is not, and never has been, available as a drink served through beverage guns.

9.    Red Bull GmbH owns United States Trademark Registration No. 3,092,197 for the mark RED BULL® in connection with non-alcoholic beverages including energy drinks, among many other things.  A true and correct copy of the trademark registration is attached as Exhibit A.

10.    Red Bull GmbH's marks are well known, distinctive, famous and serve as identifiers of its energy drink to consumers, based upon Red Bull GmbH's many years of continuous, widespread use and extensive advertising and promotion under the marks.  In addition to its extensive worldwide advertising and marketing, Red Bull GmbH, and its authorized U.S. distributors, have spent nearly $1.7 billion since 1996 advertising and

-3-

promoting the RED BULL® mark and the RED BULL® energy drink in the United States alone. Red Bull GmbH sold over 1.25 billion cans of RED BULL® in the United States in 2006.

11.     In 1997, Red Bull GmbH granted RBNA the exclusive right to distribute and sell the RED BULL® energy drink in the United States and permitted RBNA to grant third parties the right to distribute RED BULL® within the United States. Currently, RBNA has approximately 275 United States RED BULL® distributors.

12.     Red Bull GmbH, RBNA and the RED BULL® mark are in no way affiliated or in any way associated with the manufacturers of a beverage called "Red Fuel" or "Red Light."

### Passing Off at Dicey Riley's

13.     On March 26, 2005, Michael Miranda, a private investigator hired by RBNA, entered Dicey Riley's and ordered a cocktail made with RED BULL® and vodka from a bartender. Mr. Miranda observed the bartender pour an unknown liquid from a beverage gun into a cup filled with a small quantity of vodka. After Mr. Miranda tasted the drink, he asked the bartender if it had been made with RED BULL®. The bartender admitted that he had used a beverage named "Red Fuel." Mr. Miranda was not informed of this substitution until after the bartender served his drink and he specifically inquired about the substitution. Mr. Miranda then asked the bartender if Dicey Riley's served any other carbonated energy drinks. The bartender responded that "Red Fuel" was the only carbonated energy drink served at Dicey Riley's.

-4-

14.     Later during his March 26, 2005 visit, Mr. Miranda ordered a RED

BULL® from a second bartender. Mr. Miranda observed the bartender pour an unknown

liquid from a beverage gun into a cup filled with ice. Mr. Miranda asked the bartender if

the energy drink was RED BULL®. The bartender admitted that it was "Red Fuel." Mr.

Miranda was not informed of this substitution until after the bartender served his drink

and he specifically inquired about the substitution. Mr. Miranda again asked the

bartender if Dicey Riley's served any other carbonated energy drinks. The bartender

responded that "Red Fuel" was the only carbonated energy drink served at Dicey Riley's.

15.     Mr. Miranda ordered another RED BULL® from a third bartender at Dicey

Riley's. Mr. Miranda observed the bartender pour an unknown liquid from a beverage

gun into a cup filled with ice. After the Mr. Miranda tasted the drink, he asked the

bartender if the drink was RED BULL®. The bartender admitted that it was "Red Fuel."

Mr. Miranda was not informed of this substitution until after the bartender served his

drink and he specifically inquired about the substitution. Mr. Miranda asked the

bartender if Dicey Riley's served any other carbonated energy drinks. The bartender

responded that "Red Fuel" was the only carbonated energy drink served at Dicey Riley's.

### RBNA Asks Defendants to Stop Passing Off Other Products as RED BULL®

16.     On April 6, 2005, Kevin Fitzpatrick, an On-Premise Manager of RBNA,

sent a follow-up letter to Mr. Brennan at Dicey Riley's. This letter informed Mr.

Brennan that "passing off" had occurred at Dicey Riley's. It requested that Mr. Brennan

educate the Dicey Riley's staff about the fact that Dicey Riley's did not currently sell

-5-

RED BULL® and about their obligation to inform all RED BULL® consumers that Dicey Riley's serves an alternate energy drink.

17.　　On April 7, 2005, Roy Milner, a Division On-Premise Manager for RBNA, sent a letter to Mr. Brennan at Dicey Riley's. The letter noted that Mr. Fitzpatrick previously had contacted Mr. Brennan regarding the fact that "passing off" had occurred at Dicey Riley's. The letter explained the harm that RED BULL® experiences when a consumer has a negative reaction to an alternative product that the consumer wrongly believes to be RED BULL®.

**Passing Off Continues at Dicey Riley's Over the Next Year Despite the Warnings**

18.　　On May 27, 2005, Dan Strandell, a private investigator hired by RBNA, ordered a cocktail made with RED BULL® and vodka from a bartender at Dicey Riley's. Mr. Strandell observed the bartender pour vodka and an unknown liquid from a beverage gun into a glass. After the bartender served his drink, Mr. Strandell asked whether the drink contained RED BULL®. The bartender admitted that it was "Red Fuel." Mr. Strandell was not informed of this substitution until after the bartender served his drink and he specifically inquired about the substitution.

19.　　On August 12, 2005, Matt Hines, a private investigator hired by RBNA, ordered a cocktail made with RED BULL® and vodka from a bartender at Dicey Riley's. Mr. Hines observed the bartender make his cocktail with vodka and an unknown liquid from a beverage gun. Mr. Hines was not informed of this substitution at any point.

20.　　Approximately, one year after RBNA sent two warning letters to Dicey Riley's, on May 13, 2006, Andre Carthy, a private investigator hired by RBNA, ordered a

-6-

cocktail made with RED BULL® and vodka from a bartender at Dicey Riley's. Mr. Carthy observed the bartender make his drink with an unknown liquid from a beverage gun. After Mr. Carthy paid for the drink, he asked the bartender whether the drink contained RED BULL®. The bartender said yes and even offered Mr. Carthy a separate cup of the energy drink to taste for himself.

21.     Later during Mr. Carthy's May 13, 2006 visit to Dicey Riley's, Mr. Carthy ordered a cocktail made with RED BULL® and vodka from a second bartender. After Mr. Carthy received his drink, he asked the bartender whether the drink contained RED BULL®. The bartender admitted that he had substituted a different energy drink. Mr. Carthy was not informed of this substitution until after the bartender served his drink and he specifically inquired about the substitution.

22.     Mr. Carthy subsequently ordered a third RED BULL® and vodka from a third bartender. After Mr. Carthy paid from his drink, he asked the bartender whether the drink contained RED BULL®. The bartender admitted that it was "Red Light," but added that RED BULL® and "Red Light" tasted the same. Mr. Carthy was not informed of the substitution until after the bartender served his drink and he specifically inquired about the substitution.

### RBNA Warns Defendants a Third Time to Stop Passing Off

23.     On June 15, 2006, Dana Moody, a Division On-Premise Manager for RBNA, sent a letter to Aileen Brennan, also known as Aileen Comer, at Dicey Riley's. This letter informed Ms. Brennan that there had been several documented instances of "passing off" at Dicey Riley's and that RBNA had raised "passing off" concerns with Mr.

-7-

Brennan since April 2005. This letter reiterated Ms. Brennan's obligation to educate the Dicey Riley's staff about the fact that Dicey Riley's did not currently sell RED BULL® and about their obligation to inform all RED BULL® consumers that Dicey Riley's serves an alternate energy drink.

### **RBNA Warns Defendants a Fourth Time to Stop Passing Off**

24.     On June 28, 2006, Robert Sorensen, legal counsel for RBNA, sent a letter to Michael Brennan and Aileen Comer, as principals of Dicey's 2nd Street, Inc., the operator of Dicey Riley's. The letter stated that RBNA had evidence of numerous instances of "passing off" at Dicey Riley's, as well as warning letters to Mr. Brennan and Ms. Comer requesting that they stop all practice of "passing off" at Dicey Riley's. The letter admonished Mr. Brennan and Ms. Comer to instruct employees at Dicey Riley's that "passing off" is a serious offense and to further admonish employees at Dicey Riley's that when customers order a RED BULL® by name, the bartender must either serve the customer a RED BULL® or inform the customer that RED BULL® is not available. The letter informed Mr. Brennan and Ms. Comer that it would be their final warning and that RBNA would pursue legal action if "passing off" did not immediately cease.

### **Passing Off Continues at Dicey Riley's Despite Four Warnings**

25.     On October 21, 2006, Mr. Carthy returned to Dicey Riley's. Mr. Carthy did not observe any signs that stated Dicey Riley's did not serve RED BULL®. Mr. Carthy ordered a cocktail made with RED BULL® and vodka from a bartender. He

BUCHANAN INGERSOLL & ROONEY PC :: Bank of America Tower :: 100 S.E. Second Street, 34th Floor :: Miami, FL 33131-2158 :: T 305 347 4080 :: F 305 347 4089

observed the bartender make his drink with an unknown yellowish-colored liquid poured from a beverage gun. The bartender did not inform Mr. Carthy of any substitution.

26. Mr. Carthy subsequently ordered another cocktail made with RED BULL® and vodka from a second bartender. Mr. Carthy observed the bartender make his drink with an unknown yellowish-colored liquid poured from a beverage gun. The bartender did not inform Mr. Carthy of any substitution.

27. Mr. Carthy then spoke with a third bartender. Mr. Carthy asked the bartender whether Dicey Riley's served RED BULL®. The bartender told Mr. Carthy that the bar served "Red Fuel," not RED BULL®. Mr. Carthy asked why customers were not informed of this substitution when they ordered a drink with RED BULL®. The bartender responded: "It looks and tastes the same."

28. On October 25, 2006, RED BULL® scout Kacey Meagher ordered a cocktail made with RED BULL® and vodka from a bartender at Dicey Riley's. Ms. Meagher observed the bartender make her drink with an unknown yellowish liquid from a beverage gun. The bartender did not inform Ms. Meagher of any substitution.

29. On December 30, 2006, Mr. Carthy again returned to Dicey Riley's. Mr. Carthy once more did not observe any signs that stated Dicey Riley's did not serve RED BULL®. Mr. Carthy ordered a cocktail made with RED BULL® and vodka from a bartender. The bartender prepared the drink with an unknown yellowish-colored liquid from a beverage gun. The bartender did not inform Mr. Carthy of any substitution.

30. Later during his visit, Mr. Carthy ordered a second cocktail made with RED BULL® and vodka. The bartender prepared his drink with an unknown yellowish-

-9-

colored liquid from a beverage gun. After Mr. Carthy tasted the drink, he told the bartender that the drink did not taste like it contained RED BULL®. The bartender admitted that she had used "Red Fuel," not RED BULL®.

31.     Mr. Carthy ordered another cocktail made with RED BULL® and vodka from a third bartender. Mr. Carthy observed the bartender prepare the drink with an unknown yellowish colored liquid from a beverage gun. The bartender did not inform Mr. Carthy of any substitution.

32.     Later that night, Mr. Carthy ordered a cocktail made with RED BULL® and vodka from a fourth bartender. Mr. Carthy observed the bartender make the drink with an unidentified yellowish colored liquid from a beverage gun. After Mr. Carthy had tasted the drink, he told the bartender that the drink did not taste like it had been made with RED BULL.® The bartender tried to convince Mr. Carthy that the drink contained RED BULL®, even though the yellowish colored liquid came from a beverage gun.

### COUNT I
### Unfair Competition in Violation of Section 43(a)
### of the Lanham Act, 15 U.S.C. §1125(a)

33.     Plaintiffs reallege and incorporate by reference the allegations contained in Paragraphs 1 through 32 of this Complaint.

34.     Defendants have deliberately misled the public and the trade into believing that beverages sold by Defendants are sponsored, authorized or approved by, or in some other way associated with, RBNA and Red Bull GmbH, through their substitution, without comment, of another beverage for RED BULL® when RED BULL® is specifically ordered by the customer.

-10-

35.     Defendants' imitating and infringing use of the RED BULL® mark by passing off non-RED BULL® beverages as RED BULL® constitutes unfair competition, false designation of origin and false representations, in violation of the Lanham Act, 15 U.S.C. § 1125(a).

36.     Defendants' sale of non-RED BULL® beverages as RED BULL® has created and continues to create a likelihood of confusion, mistake or deception as to the affiliation, connection, association, origin, sponsorship, nature, characteristics and qualities of the drinks served by Defendants relative to the RED BULL® energy drink. Furthermore, Defendants' characterization of the substitute drink as being the same as RED BULL® is a misrepresentation of the nature, characteristics and qualities of the RED BULL® energy drink.

37.     By reason of Defendants' unlawful actions, Plaintiffs have suffered and continue to suffer irreparable harm including, but not limited to, detriment and diminution in value of the RED BULL® mark, for which there is no adequate remedy at law. Accordingly, Plaintiffs are entitled to an injunction against Defendant, pursuant to 15 U.S.C. § 1116.

38.     Plaintiffs also have suffered and continue to suffer injury and are entitled to recover all damages sustained by Plaintiffs as a result of Defendants' actions, all profits realized by Defendants and as a result of Defendants' wrongful actions, and costs of suit, pursuant to 15 U.S.C. § 1117.

39.     Defendants knew of Plaintiffs' long-standing and widely recognized RED BULL® mark and deliberately used the mark. Further, on multiple occasions, RBNA asked Defendants to cease passing off non-RED BULL® beverages as RED BULL®, but Defendants deliberately ignored these requests and continued their unlawful behavior. Because Defendants' actions are and were willful, deliberate and fraudulent, Plaintiffs are

BUCHANAN INGERSOLL & ROONEY PC : Bank of America Tower : 100 S.E. Second Street, 34th Floor : Miami, FL 33131-2158 : T 305 347 4080 :. F 305 347 4089

entitled to treble damages and an award of reasonable attorneys' fees against Defendants, pursuant to 15 U.S.C. § 1117.

**COUNT II**
**Trademark Infringement in Violation of Section 32(1)**
**of the Lanham Act, 15 U.S.C. § 1114(1)**

40.    Plaintiffs reallege and incorporate by reference the allegations contained in Paragraphs 1 through 32 of this Complaint.

41.    Defendants' use of the RED BULL® mark, by deliberately substituting, without comment, another beverage for the RED BULL® energy drink even though RED BULL® is specifically ordered, constitutes trademark infringement of Red Bull GmbH's U.S. Trademark Registration Number 3,092,197, in violation of the Lanham Act, 15 U.S.C. § 1114(1).

42.    Defendants' unauthorized use of the RED BULL® mark in connection with non-RED BULL® beverages has created and continues to create a likelihood of confusion, mistake or deception as to the affiliation, connection, association, origin, sponsorship, approval, commercial activities, nature, characteristics and qualities of the beverages Defendants serve relative to Plaintiffs' RED BULL® energy drink.

43.    By reason of Defendants' unlawful actions, Plaintiffs have suffered and continue to suffer irreparable harm including, but not limited to, detriment to, and diminution in value of, the RED BULL® mark, for which there is no adequate remedy at law.  Accordingly, Plaintiffs are entitled to an injunction against Defendants, pursuant to 15 U.S.C. § 1116.

44.    Plaintiffs have suffered and continue to suffer injury and are entitled to recover all damages sustained as a result of Defendants' actions, all profits realized by Defendants as a result of Defendants' wrongful actions, and costs of suit, pursuant to 15 U.S.C. § 1117.

-12-

45.    Defendants knew of Plaintiffs' long-standing and widely recognized RED BULL® mark and deliberately used this mark.  Moreover, Defendants purposefully chose to substitute non-RED BULL® beverages for RED BULL® and failed to notify customers of this substitution even though these customers specifically asked for RED BULL®. Despite Plaintiffs' multiple demands to cease the infringing activity, Defendants, in pursuit of their unlawful activities and to confuse the trade and public, intentionally and unlawfully have continued to pass off non-RED BULL® beverages as RED BULL®. Defendants' actions are and were willful, deliberate and fraudulent, and thus Plaintiffs are entitled to treble damages and an award of reasonable attorneys' fees against Defendant, pursuant to 15 U.S.C. § 1117.

## COUNT III
### Unjust Enrichment in Violation of
### Florida Common Law

46.    Plaintiffs reallege and incorporate by reference the allegations contained in Paragraphs 1 through 32 of this Complaint.

47.    Defendants have received and continue to receive substantial profits and other benefits from their passing off and sales of non-RED BULL® beverages as RED BULL®.  Those profits and benefits rightfully belong to, and should have been received by, Plaintiffs.

48.    By reason of Defendants' infringing actions, they have been unjustly enriched at Plaintiffs' expense in an amount to be proved at trial.

49.    Defendants owe Plaintiffs all profits and benefits that have been received by Defendants from the passing off and sale of non-RED BULL® beverages as RED BULL®.

BUCHANAN INGERSOLL & ROONEY PC :: Bank of America Tower :: 100 S.E. Second Street, 34th Floor :: Miami, FL 33131-2158 :: T 305 347 4080 :: F 305 347 4089

50. The circumstances are such that it would be inequitable for Defendants to retain the profits and benefits from the use of the RED BULL® mark without paying the value for same to Plaintiffs.

51. All profits and benefits that have been received by Defendants from the passing off and sale of non-RED BULL® beverages as RED BULL® are now due and owing to Plaintiffs.

**COUNT IV**
**Unfair Competition Under**
**Florida Common Law**

52. Plaintiffs reallege and incorporate by reference the allegations contained in Paragraphs 1 through 32 of this Complaint.

53. Defendants' use of the RED BULL® mark, by substituting another beverage for the RED BULL® energy drink, without notifying the customers of this substitution despite their specific request for RED BULL®, deceives the public and constitutes an act of unfair competition under Florida common law.

54. By reason of Defendants' unlawful actions, Plaintiffs have suffered and continue to suffer irreparable harm including, but not limited to, detriment and diminution in value of the RED BULL® mark, for which there is no adequate remedy at law. Accordingly, Plaintiffs are entitled to an injunction against Defendants.

55. Plaintiffs have also suffered and continue to suffer injury and are entitled to recover all damages sustained as a result of Defendants' unlawful actions.

BUCHANAN INGERSOLL & ROONEY PC :: Bank of America Tower :: 100 S.E. Second Street, 34th Floor :: Miami, FL 33131-2158 :: T 305-347-4080 :: F 305-347-4089

## COUNT V
### Violation of the Florida Deceptive
### and Unfair Trade Practices Act ("FDUTPA")
### (Fla. Stat. § 501.201, *et seq.*)

56.     Plaintiffs reallege and incorporate by reference the allegations contained in Paragraphs 1 through 32 of this Complaint.

57.     Defendants' use of the RED BULL® mark, by deliberately substituting, without comment, another beverage for the RED BULL® energy drink even though RED BULL® is specifically ordered, constitutes an unfair and deceptive trade practice in violation of the Florida Deceptive and Unfair Trade Practices Act. ("FDUTPA").

58.     Defendants' unauthorized use of the RED BULL® mark in connection with non-RED BULL® beverages has created and continues to create a likelihood of confusion, mistake or deception as to the affiliation, connection, association, origin, sponsorship, approval, commercial activities, nature, characteristics and qualities of the beverages Defendants serve relative to Plaintiffs' RED BULL® energy drink.

59.     By reason of Defendants' unlawful actions, Plaintiffs have suffered and continue to suffer irreparable harm including, but not limited to, detriment and diminution in the value of the RED BULL® mark, for which there is no adequate remedy at law.  Accordingly, Plaintiffs are entitled to an injunction against Defendants, pursuant to *Fla. Stat.* § 501.211(1).

60.     Plaintiffs are aggrieved by Defendants' unlawful actions and have suffered and continue to suffer losses and are entitled to recover all actual damages sustained as a result of Defendants' actions, plus attorneys fees and court costs, pursuant to *Fla. Stat.* § 501.211(2) and § 501.2105.

## PRAYER FOR RELIEF

WHEREAS, Plaintiffs pray for relief against Defendants as follows:

BUCHANAN INGERSOLL & ROONEY PC :: Bank of America Tower :: 100 S.E. Second Street, 34th Floor :: Miami, FL 33131-2158 :: T 305 347 4080 :: F 305 347 4089

(a)     On Counts I, II, IV and V, for a Preliminary Injunction Order that:

(i)     preliminarily enjoins and restrains Defendants, their agents, employees, attorneys, successors, licensees and assigns, and all others in active concert or participation with any of them from selling or offering to sell, in response to orders for RED BULL®, a beverage of another manufacturer, without first giving the customer verbal notice that a beverage other than RED BULL® is being sold and the opportunity to accept or reject the substitute product prior to fulfilling the customer's order; from directly or indirectly marketing, advertising or using in any way the RED BULL® mark or any colorable imitation thereof in connection with a non-RED BULL® beverage; from doing any other acts likely to infringe Red Bull GmbH's RED BULL® mark; or from committing any other acts of unfair competition against Plaintiffs;

(ii)     orders Defendants to instruct their employees not to sell or offer to sell, in response to orders for RED BULL®, a beverage of another manufacturer, without first giving the customer verbal notice that a beverage other than RED BULL® is being sold and the opportunity to accept or reject the substitute product prior to fulfilling the customer's order;

(iii)     directs Defendants to show such Order to all employees working at Dicey Rileys;

(iv)     directs Defendants to file with this Court and serve upon Plaintiffs within fourteen (14) days after entry of such Order, a report in writing, under oath, setting forth in detail the manner of Defendants' compliance;

(b)     On Counts I, II, IV and V, for a Permanent Injunction Order that:

(i)     preliminarily enjoins and restrains Defendants, their agents, employees, attorneys, successors, licensees and assigns, and all others in active concert or participation with any of them from selling or offering to sell, in response to orders for

-16-

RED BULL®, a beverage of another manufacturer, without first giving the customer verbal notice that a beverage other than RED BULL® is being sold and the opportunity to accept or reject the substitute product prior to fulfilling the customer's order; from directly or indirectly marketing, advertising or using in any way the RED BULL® mark or any colorable imitation thereof in connection with a non-RED BULL® beverage; from doing any other acts likely to infringe Red Bull GmbH's RED BULL® mark; or from committing any other acts of unfair competition against Plaintiffs;

        (ii)    orders Defendants to instruct their employees not to sell or offer to sell, in response to orders for RED BULL®, a beverage of another manufacturer, without first giving the customer verbal notice that a beverage other than RED BULL® is being sold and the opportunity to accept or reject the substitute product prior to fulfilling the customer's order;

        (iii)    directs Defendants to show such Order to all employees working at Dicey Rileys;

        (iv)    directs Defendants to file with this Court and serve upon Plaintiffs within fourteen (14) days after entry of such Order, a report in writing, under oath, setting forth in detail the manner of Defendants' compliance;

        (c)    On Counts I-II, for monetary damages sustained by Plaintiffs as a result of Defendants' unlawful conduct, including all profits realized or lost by Plaintiffs as a result of Defendants' unlawful conduct, in an amount to be proved at trial, and to be trebled or enhanced because of Defendants' willful and deliberate activities described herein;

        (d)    On Count III for restitution in an amount according to proof;

        (e)    On Count IV for monetary damages sustained by Plaintiffs as a result of Defendants' unlawful conduct and all profits realized or lost, in an amount to be proved

BUCHANAN INGERSOLL & ROONEY PC :: Bank of America Tower :: 100 S.E. Second Street, 34th Floor :: Miami, FL 33131-2158 :: T 305 347 4080 :: F 305 347 4089

at trial, together with punitive and exemplary damages because of Defendants' willful and deliberate activities described herein;

(f)     On Count V for actual damages sustained by Plaintiffs as a result of Defendants' unlawful conduct in an amount to be proved at trial;

(g)     On Counts I-V for costs of suit;

(h)     On Counts I-II and V for reasonable attorneys' fees; and,

(i)     For any other relief as is just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all issues so triable.

Respectfully submitted,

Date: July 18th, 2007

Mary Leslie Smith
Fla. Bar. No.  774243
BUCHANAN INGERSOLL & ROONEY, PC
Bank of America Tower
100 S.E. Second Street, 34th Floor
Miami, Florida 33131
Telephone: (305) 347-4083
Facsimile: (305) 347-4089

BUCHANAN INGERSOLL & ROONEY PC :: Bank of America Tower :: 100 S.E. Second Street, 34th Floor :: Miami, FL 33131-2158 :: T 305 347 1680 :: F 305 347 4089

Of Counsel:

Michael E. Pappas (California State Bar No. 130400)
Sekret T. Sneed (California State Bar No. 217193)
SONNENSCHEIN NATH & ROSENTHAL LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017
Telephone: (213) 623-9300
Facsimile: (213) 623-9924

ATTORNEYS FOR PLAINTIFFS
RED BULL NORTH AMERICA, INC.
and RED BULL GMBH LIMITED
LIABILITY COMPANY

BUCHANAN INGERSOLL & ROONEY PC :: Bank of America Tower :: 100 S.E. Second Street, 34th Floor :: Miami, FL 33131-2158 :: T 305-347-4080 :: F 305-347-4089

# EXHIBIT A

Int. Cls.: 32 and 33

Prior U.S. Cls.: 45, 46, 47, 48 and 49

**United States Patent and Trademark Office**

Reg. No. 3,092,197
Registered May 16, 2006

## TRADEMARK
### PRINCIPAL REGISTER

# RED BULL

RED BULL GMBH (AUSTRIA LTD LIAB CO)
AM BRUNNEN 1
FUSCHL AM SEE, AUSTRIA 5330

FOR: NON-ALCOHOLIC BEVERAGES, NAMELY
ENERGY DRINKS AND HYPERTONIC DRINKS, IN
CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 1-31-1987; IN COMMERCE 5-31-1996

FOR: ALCOHOLIC BEVERAGES, NAMELY VOD-
KA, IN CLASS 33 (U.S. CLS. 47 AND 49).

FIRST USE 7-23-2002; IN COMMERCE 8-15-2002.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 1,541,794, 2,852,235
AND OTHERS.

SER. NO. 78-347,152, FILED 12-31-2003.

CAROLINE WOOD, EXAMINING ATTORNEY



EXHIBIT

A

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| RED BULL NORTH AMERICA, INC. and RED BULL GMBH LIMITED LIABILITY COMPANY, | DICEY'S 2ND STREET, INC., D/B/A DICEY RILEY'S, MICHAEL BRENNAN and AILEEN COMER, |

**(b)** County of Residence of First Listed Plaintiff  **CALIFORNIA**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence — **BROWARD**

**07-61008 CIV-COOKE**    MAGISTRATE JUDGE BROWN

**(c)** Attorneys (Firm Name, Address, And Telephone Number)
Mary Leslie Smith, Esq.
Buchanan Ingersoll & Rooney, PC
100 S.E. 2nd St. 34th Floor, Miami, FL 33131
(305) 347-4083

Attorneys (If known)

07cv61008 - MGC/STB

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:
DADE, MONROE, (BROWARD) PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION  (Place an X in one box only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an X in one box for Plaintiff and one box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN  (PLACE AN X IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Refiled
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT  (PLACE AN X IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | B FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 U.S.C. 158 | ☐ 400 State Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 U.S.C. 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/ Health | ☒ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **B SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | | ☐ 861 HIA (1395ff) | ☐ 875 Custodial Challenge 12 U.S.C. 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | | ☐ 863 DIWC (405(g)) | ☐ 892 Economic Stabilization Act |
| | | | | ☐ 863 DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| | | | | ☐ 865 RSI (405(g)) | ☐ 896 Freedom of Information Act |

| A REAL PROPERTY | A CIVIL RIGHTS | B PRISONER PETITIONS | A LABOR | A FEDERAL TAX SUITS | A 900 Appeal of Fee |
|---|---|---|---|---|---|
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 710 Fair Labor Standards Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus** | ☐ 720 Labor/Mgmt. Relations | ☐ 871 IRS — Third Party 26 U.S.C. 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | | ☐ 890 Other Statutory Actions |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act | | A or B |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 750 Other Labor Litigation | | |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | ☐ 791 Employee Ret. Inc Security Act | | |
| | | A or B | | | |

## VI. CAUSE OF ACTION  (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)  Lanham Act, 15 U.S.C. §114, 1116, 1125(a)

Length of Trial:
via ___3 - 5___ days estimated (for both sides) to try entire case

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A  ☐ CLASS ACTION    DEMAND in excess of $ 75,000.00    Check YES only if demanded in complaint:
☐ UNDER F.R.C.P. 23    JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE  July 18, 2007    SIGNATURE OF ATTORNEY OF _____ , ESQ. BAR NO. 774243

| FOR OFFICE USE ONLY: Receipt # _____ | Amount _____ | APPLYING IFP _____ | JUDGE _____ | MAG.JUDGE _____ |

36635- 865837-1, PGH1_General - (Rev. 12/96)

350 00    540512

#227809-v1